22 Apr 2020

CL-2020-000192

CL-2020-000192

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

Before The Honourable Mr Justice Butcher
Dated 22 April 2020

**IN PUBLIC**

**BETWEEN:**

(1) YS GM MARFIN II LLC
(2) YS GM MF VIII LLC
(3) YS GM MF VII LLC
(4) YS GM MF IX LLC
(5) YS GM MF X LLC

Claimants
Applicants

-and-

(1) MUHAMMAD ALI LAKHANI
(2) MUHAMMAD HASAN LAKHANI
(3) MUHAMMAD TAHIR LAKHANI

Defendants
Respondents

**WORLDWIDE FREEZING INJUNCTION**

**PENAL NOTICE**

**IF YOU (1) MUHAMMAD ALI LAKHANI, (2) MUHAMMAD HASAN LAKHANI, OR (3) MUHAMMAD TAHIR LAKHANI DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE RESPONDENT TO BREACH THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

**THIS ORDER**

1. This is a Freezing Injunction continued against Muhammad Ali Lakhani, Muhammad Hasan Lakhani and Muhammad Tahir Lakhani ("**the Respondents**") on 2 April 2020 by Mr Justice Butcher on the application of YS GM MarFin II LLC, YS GM MF VIII LLC, YS GM MF VII LLC, YS GM MF IX LLC and YS GM MF X LLC ("**the Applicants**"). The Judge read the Affidavits listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order. The Judge also read emails from the First Respondent timed at 5.25pm and 7.34pm on 21 April 2020, along with the attachments thereto.

2. This Order was made at a hearing of which the Respondents were given notice and at which they did not appear; however, the Respondents have a right to apply to the Court to vary or discharge the order—see paragraph 14 below.

3. As there is more than one Respondent—

    (1) unless otherwise stated, references in this order to "the Respondent" means each or all of them; and

    (2) this order is effective against any Respondent on whom it is served or who is given notice of it.

**FREEZING INJUNCTION**

4. Until judgment or further order of the Court, the Respondent must not—

    (1) remove from England and Wales any of his assets which are in England and Wales up to the value of US$76,700,000; or

    (2) in any way dispose of, deal with or diminish the value of any of his assets whether they are in or outside England and Wales up to the same value.

5. Paragraph 4 applies to all the Respondent's assets whether or not they are in his own name, whether they are solely or jointly owned and whether the Respondent is interested in them legally, beneficially or otherwise. For the purpose of this order the Respondent's assets include any asset which he has the power, directly or indirectly, to dispose of or deal with as if it were his own. The Respondent is to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

6. This prohibition includes the following assets in particular—

   (1) any interest in the assets described in a statement of net worth of the Third Respondent dated 25 April 2019, as follows:

   (a) Villa No. 24 Street No. 5/J Phase 6 DHA Karachi Pakistan;
   (b) Open Plot No. 22 & 23 Street No. 5/J Phase 6 DHA Karachi Pakistan – 2000 yards;
   (c) Two apartments at Dubai Investment Park 605 & 613;
   (d) Hydra Properties – Al Reem Island, Abu Dhabi;
   (e) Property at 612 Watford Way, Hendon, London;
   (f) Apartment in Palm Jumeirah, Dubai
   (g) Investment in Apple Computers dealership, Karachi
   (h) Investment in Abu Dhabi (Joint Venture)
   (i) Cash/Bank Accounts in the UK, Karachi and Dubai
   (j) Personal Liquid Assets in the UK, Karachi and Dubai
   (k) Pleasure Boat Princess Ayesha;
   (l) Pleasure Boat Princess Ayesha 1;
   (m) Pleasure Boat Princess Ayesha 2;
   (n) DHA Hospitality Venture;
   (o) Luxury Motor Vehicles: Maclaren Car 2016; Mercedes G-63 Class Jeep; Nissan Patrol 2015; Bentley Car 2017; Porsche 2016 GT3RS; Porsche 2014 Cayenne S; Range Rover Sports 2017; Mercedes S Class Car;

   (2) any interest in Dubai Trading Agency LLC of Office #204, Technic Building, (Above Ajman Bank), Salah Al-Din Road, Deira P O Box: 12924, Dubai, United Arab Emirates;

   (3) any interest in North Star Maritime Holdings Ltd of Hunkins Waterfront Plaza, Suite 556, Main Street, Charlestown, Nevis;

   (4) any interest in Gulfstar SA or GulfStar Agencies Limited of 66-68 Bell Street, London NW1 6SP;

   (5) any interest under any trust or similar entity including any interest which can arise by virtue of the exercise of any power of appointment, discretion or otherwise howsoever;

   (6) any interest in any of the assets disclosed by the Respondents on 13 April 2020 and 21 April 2020 pursuant to paragraph 9 of the Worldwide Freezing Injunction made by the Honourable Mr. Justice Butcher on 2 April 2020 (the "**2 April 2020 order**").

7.
- (1) If the total value free of charges or other securities ("unencumbered value") of the Respondent's assets in England and Wales exceeds US$76,700,000, the Respondent may remove any of those assets from England and Wales or may dispose of or deal with them so long as the total unencumbered value of the Respondent's assets still in England and Wales remains above US$76,700,000.

- (2) If the total unencumbered value of the Respondent's assets in England and Wales does not exceed US$76,700,000, the Respondent must not remove any of those assets from England and Wales and must not dispose of or deal with any of them. If the Respondent has other assets outside England and Wales, he may dispose of or deal with those assets outside England and Wales so long as the total unencumbered value of all his assets whether in or outside England and Wales remains above US$76,700,000.

**PROVISION OF INFORMATION**

8. Pursuant to paragraph 9 of the 2 April 2020 order, the Respondents on 13 April 2020 informed the Applicants' solicitors of certain assets. On 21 April 2020, the First and Second Respondents informed the Applicants' solicitors of certain further assets.

9. The Respondents did not swear and serve on the Applicants' solicitors an affidavit setting out any assets by 4pm on 14 April 2020. Sworn affidavits of the assets disclosed on 13 April 2020 were served on the Applicants' solicitors on 21 April 2020. The First and Second Respondents did not swear and serve on the Applicants' solicitors an affidavit setting out the further assets disclosed on 21 April 2020, and they must do so by 4.30pm on 27 April 2020.

**EXCEPTIONS TO THIS ORDER**

10.
- (1) This order does not prohibit the Respondent from spending US$3,000 a week towards his ordinary living expenses and also a reasonable sum on legal advice and representation.

- (2) This order does not prohibit the Respondent from dealing with or disposing of any of his assets in the ordinary and proper course of business.

    (3)    The Respondent may agree with the Applicants' legal representatives that the above spending limits should be increased or that this order should be varied in any other respect, but any agreement must be in writing.

    (3)    The order will cease to have effect if the Respondent—

        (a)    provides security by paying the sum of US$76,700,000 into Court, to be held to the order of the Court; or

        (b)    makes provision for security in that sum by another method agreed with the Applicants' legal representatives.

**SERVICE**

11. The claim form is deemed served on 16 April 2020, and the Respondents shall have until 30 April 2020 to acknowledge service or file or serve an admission. All further documents in these proceedings may be served:

    (1)    Upon the First Respondent by emailing them to ali@northstar-holdings.com

    (2)    Upon the Second Respondent by emailing them to hasan@northstar-holdings.com

    (3)    Upon the Third Respondent by emailing them to tahir@dtashipping.com

12. For the purposes of paragraph 11 above:

    (1)    Emailing a link to a data-room containing the documents shall constitute emailing the documents;

    (2)    The deemed date of service of all documents other than the claim form shall be: if the e-mail is sent on a business day before 4.30pm, on that day; or in any other case, on the next business day after the day on which it is sent.

**COSTS**

13. The costs of this application and of the application before the Honourable Mr. Justice Butcher on 2 April 2020 are to be paid by the Respondents to the Claimant in any event, such costs to be assessed if they cannot be agreed. The Respondents have liberty to apply to vary this paragraph provided such application is made by 4.30pm on 6 May 2020.

**VARIATION OR DISCHARGE OF THIS ORDER**

14.
   (1) Any third party who is served with or notified of this order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but they must first provide the Applicants' solicitors with 24 hours' notice. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicants' solicitors in advance.

   (2) Any Respondent may apply to the Court to vary or discharge this order (or so much of it as affects that Respondent) by means of an application under CPR Part 23.

**INTERPRETATION OF THIS ORDER**

15. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

**PARTIES OTHER THAN THE APPLICANTS AND RESPONDENTS**

16. **Effect of this order**
    It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned, fined or have their assets seized.

17. **Set off by banks**
    This injunction does not prevent any bank from exercising any right of set of it may have in respect of any facility which it gave to the respondent before it was notified of this order.

18. **Withdrawals by the Respondent**
    No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this order.

19. **Persons outside England and Wales**

    (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this Court.

(2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this Court—

(a) the Respondent or his agent appointed by power of attorney;

(b) any person who–

(i) is subject to the jurisdiction of this Court;
(ii) has been given written notice of this order at it, her or his residence or place of business within the jurisdiction of this Court; and
(iii) is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this order; and

(c) any other person, only to the extent that this order is declared enforceable by or is enforced by a Court in that country or state.

20. **Assets located outside England and Wales**
Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with—

(1) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

(2) any orders of the Courts of that country or state, provided that reasonable notice of any application for such an order is given to the Applicants' solicitors.

**COMMUNICATIONS WITH THE COURT**

All communications to the Court about this order should be sent to the Admiralty and Commercial Court Listing Office, 7 Rolls Building, Fetter Lane, London, EC4A 1NL quoting the case number. The telephone number is 020 7947 6826.

The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.

**NAME AND ADDRESS OF APPLICANTS' LEGAL REPRESENTATIVES**

The Applicants' legal representatives are—

Watson Farley & Williams LLP
15 Appold Street
London EC2A 2HB

Attn: Charles Buss / Kelsey Tollady
Ref: BUSC1/35582.50000

cbuss@wfw.com / ktollady@wfw.com

020 7814 8072 / 020 3314 6328

**SCHEDULE A—AFFIDAVITS**

The Applicants relied on the following affidavits—

    (1)    The First Affidavit of Charles Tilden Storrs Buss dated 3 April 2020

    (2)    The Second Affidavit of Charles Tilden Storrs Buss dated 17 April 2020

**SCHEDULE B—UNDERTAKINGS GIVEN TO THE COURT BY THE APPLICANTS**

1. If the Court later finds that this order has caused loss to the Respondent, and decides that the Respondent should be compensated for that loss, the Applicants will comply with any order the Court may make.

2. Anyone notified of this order will be given a copy of it by the Applicants' legal representatives.

3. The Applicants will pay the reasonable costs of anyone other than the Respondent which have been incurred as a result of this order including the costs of finding out whether that person holds any of the Respondents' assets and if the Court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicants will comply with any order the Court may make.

4. If this order ceases to have effect (for example, if the Respondent provides security) the Applicants will immediately take all reasonable steps to inform in writing anyone to whom they have given notice of this order, or who they have reasonable grounds for supposing may act upon this order, that it has ceased to have effect.

5. The Applicants will not without the permission of the Court use any information obtained as a result of this order for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this claim.

6. The Applicants will not without the permission of the Court seek to enforce this order in any country outside England and Wales or seek an order of a similar nature including orders conferring a charge or other security against the Respondent or the Respondent's assets.