**BAKER BOTTS** LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX  +1 212.408.2501
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
DALLAS
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
**NEW YORK**
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

July 23, 2020

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    *YS GM MarFin II, LLC, et al.* v. *Four Wood Capital Advisors, LLC*
               No. 20 Civ. 3320 (PGG) (S.D.N.Y.)

Dear Judge Gardephe:

      We represent the Plaintiffs in this case—YieldStreet Marine Finance, YS Marine, YieldStreet Management, and six maritime lenders (collectively "Plaintiffs" or "Yieldstreet"). In accordance with Your Honor's Individual Practices, we write in response to the July 20, 2020 letter from the Defendants requesting a pre-motion conference for leave to file a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6) ("Pre-Motion Letter").[1]

      We will oppose any motion to dismiss filed in this case. We have no objection to Defendants filing a 35-page memorandum of law, provided the Plaintiffs are allowed to file a 35-page opposition. Under the Court's current scheduling order, Defendants' motion is due July 31, and Plaintiffs' opposition is due August 31. *See* ECF No. 13. In addition, a conference is already scheduled in this case for August 13, 2020. Below, we summarize why we believe a motion to dismiss here is meritless.[2]

      *First*, as to Defendants' proposed subject matter jurisdiction argument, the breach of contract claim here plainly fits within the Court's admiralty and maritime jurisdiction. *See* 28

---

[1] In his July 20 Letter, defense counsel stated that he attempted to contact Jonathan Shapiro, Esq. of Baker Botts regarding the Pre-Motion Letter. However, counsel did not attempt to contact either of the actual counsel of record for Plaintiffs: Brendan Quigley and David Howard.

[2] We, of course, reserve all rights to expand on the arguments below in our formal opposition to the anticipated motion to dismiss and to add additional arguments after reviewing the motion to dismiss as filed.

**BAKER BOTTS** LLP

Honorable Paul G. Gardephe	- 2 -	July 23, 2020

U.S.C. § 1333(1) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: [a]ny civil case of admiralty or maritime jurisdiction . . . ."). The U.S. Supreme Court has held that whether admiralty jurisdiction extends to a contract "depends upon . . . the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (holding, in a "case about a train wreck," that maritime jurisdiction existed) (citations and quotations omitted).

Here, the Defendants held themselves out as a "'one stop shop' with unique, highly-specialized knowledge regarding the highly specialized and insular overseas market for vessel deconstruction lending." Compl., ECF No. 1 ¶ 44. The contract at issue is an investment management agreement dated April 18, 2018 (the "IMA") between the Defendants and plaintiff YS Marine.[3] Under the contract, the Defendants agreed "'to provide investment management services with respect to *ship finance transactions, loans or leases* . . . .'" *See* Compl. ECF No. 1, ¶ 20 (quoting the IMA, emphasis added). Defendants purportedly carried out the IMA, in part, through an affiliate, Global *Marine Transport* Capital ("GMTC") (emphasis added).

One of the investment management services Defendants agreed to provide was to "'source prospective transactions from qualified owners/operators of middle market shipping companies'" to YS Marine and its affiliates. *Id.* ¶ 21 (quoting the IMA). In or about early 2018, the Defendants introduced YS Marine to an entity called North Star Maritime Holdings Ltd. ("North Star Maritime"). After Defendants purportedly conducted due diligence, and based on Defendants' advice and purported expertise, the lender Plaintiffs—YS Marine affiliates—extended multiple loan facilities to North Star Maritime affiliates. North Star Maritime was to use these loan facilities to finance the purchase of sea-going vessels, which would then be deconstructed. *Id.* ¶¶ 30, 32 & n.2.

These loan facilities were secured by collateral, including first priority ship mortgages on each of the ships financed by the loans. *Id.* ¶ 39. In addition to sourcing these deals, it was also Defendants' job to "monitor" this collateral by, among other things, using their purported maritime expertise to keep track of the location, status, and activities of the North Star Maritime vessels. *See id.* ¶ 22. The Defendants failed spectacularly in this regard. Most of the vessels were scrapped without Plaintiffs' consent or knowledge. *Id.* ¶¶ 44-56.

In short, the IMA, in which Defendants agreed to source loans from shipping companies, negotiate the terms of those loans with marine borrowers, and monitor the loans, in particular the location and activities of the ships that were collateral for the loans, is clearly a contract that "has reference to maritime service or maritime transactions." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. at 24. As such, subject-matter jurisdiction is appropriate here.

---

[3] The six maritime lender plaintiffs also later became parties to the agreement.

**BAKER BOTTS** LLP

Honorable Paul G. Gardephe — - 3 - — July 23, 2020

*Second,* the Defendants' anticipated Rule 12(b)(6) motion is also meritless. The Complaint contains four causes of action against Defendants: (1) breach of contract; (2) breach of fiduciary duty; (3) negligence; and (4) negligent misrepresentation. Compl. ECF No. 1, ¶¶ 57-79.

Defendants do not state on what grounds they would seek to dismiss the breach of contract allegations other than "Plaintiffs' claim for the breach of contract is striking for its lack of specificity or plausibility and fails under New York law as well as Federal pleading rules." Pre-Motion Letter, at 2. The Complaint, however, goes well beyond the minimum pleading standards for a breach of contract action. As alleged, Defendants breached the IMA by, among other things, failing to provide timely notice of the North Star Maritime borrowers' breaches of their loan agreements with Yieldstreet and by failing to monitor the loans, the repayments, and the underlying collateral, including by "los[ing] track of nearly all vessels financed by and used as collateral for the loans." Compl. ECF No. 1, ¶ 61.

For the remaining three causes of action, Defendants claim that "[t]he existence of the written Agreement causes Plaintiffs' related the [sic] claims for tort to fail." Pre-Motion Letter, at 2. However, tort claims are not precluded for breaches of duties or actions distinct from a contractual relationship. *See, e.g.*, *Commerzbank AG* v. *U.S. Bank Nat'l Assoc.*, 277 F. Supp. 3d 483, 496-98 (S.D.N.Y. 2017) (declining to dismiss negligence and breach of fiduciary duty claims asserted with breach of contract claim).

Here, in addition to breaching their duties under the IMA, the Defendants made false and misleading representations to the Plaintiffs and failed to disclose material information. These lies and omissions concerned, among other things, the Defendants' efforts to monitor the collateral, their communications with the North Star Maritime borrowers, and the Defendants' knowledge that a law firm they recommended to Plaintiffs' had substantial, undisclosed conflicts of interest. As such, the tort claims are properly asserted.

We would be happy to answer any further questions the Court may have on this matter.

Respectfully submitted,

*/s/ Brendan F. Quigley*
Brendan F. Quigley
David Howard