**ISQUITH LAW PLLC**
**222 E 80th Street**
**New York, New York 10075**
**(718) 775-6478**

April 19, 2021

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:** *YS GM Marfin II LLC, et al. v. Four Wood Capital Advisors LLC, et al.*
**1:20-cv-03320-PGG**

Dear Judge Gardephe:

I am writing on behalf of Defendants Four Wood Capital Advisors LLC, Four Wood Capital Partners LLC, and Mr. Steven Baffico (collectively "Four Wood Defendants"). Far be it for the Four Wood Defendants to quarrel with Plaintiffs concerning their letter of Friday April 16, 2021, night (received at 8:00 p.m.). Of course we think that the Court should dismiss the Amended Complaint, as explained in our letter requesting a pre-motion conference (ECF No. 18), because the Court lacks subject matter jurisdiction over the alleged claims, each of which is under New York State law. Further each of those claims fails to state a claim for relief under New York law.

The reasons and authority for Four Wood Defendants' position that the Court lacks subject matter jurisdiction has been amply set forth in its request for a pre-motion conference (ECF No.18) which was replied to in full by Plaintiffs (ECF No. 19). It may be that the matter has been sufficiently set forth in those letters without the Court needing additional briefing. As stated therein, we have suggested that the Court first take up the jurisdictional issues (ECF Nos. 28, 38).

We do quibble with certain of the statements made in Plaintiffs' letter of last Friday night. The timing of this matter rests largely within the legal strategy chosen by the Plaintiffs. While this lawsuit was filed with the Court in April, 2020, the summons and complaint were not served on the Four Wood Defendants until June 2020. A request for a pre-trial conference to consider a motion to dismiss was promptly submitted to Your Honor, and the Court set a briefing schedule without undue delay considering the national health crisis. *See*, ECF Nos. 18,19,23.

Four Wood worked diligently and were prepared to file their motion and brief in support of a motion to dismiss on September 22, 2020, as ordered by the Court. Then on September 21, Plaintiffs sent a letter to the Court asking permission to serve an Amended Complaint. That letter stopped the motion to dismiss process ordered by the Court. Plaintiffs did so without the required "meet and confer" or other notice to Four Wood Defendants. *See*, ECF Nos. 26,28. That Amendment added scurrilous and baseless claims under New York law alleging fraud and

adding a foreign national Andrew Simmons. Mr. Simmons filed a Waiver of Service in November 2020 (ECF No 43), and a letter with the Court requesting a pre-motion conference to dismiss the Amended Complaint in February.  ECF No. 44.

On September 22, the Court directed the parties to propose briefing schedules for motions to dismiss the Amended Complaint. ECF No 27. The parties were unable to agree that the motion to dismiss for lack of subject matter jurisdiction should proceed promptly – in fact by October 27, 2020 as the Four Wood Defendants proposed.  In short, Plaintiffs rejected and have continued to reject the quick review of the fundamental basis for their complaint. During this time, Plaintiffs have used the allegations in their Amended Complaint to vilify and defame Four Wood Defendants with much harm. No doubt that as long as that Amended Complaint is before the Court Plaintiffs will continue it for these purposes.

Four Wood Defendants want a quick resolution of this proceeding, and in fact have set forth a schedule which we believe would resolve the matter in three weeks. Four Wood Defendants have suggested a total of eight days for the motion and reply on the jurisdiction issues, with the Plaintiffs receiving 10 days for their opposition. Under this plan, only a total of 44 pages of briefs would be submitted (ECF No. 38). Plaintiffs, on the other hand, propose a lengthy and extended period of 75 days with 125 pages of briefs submitted (ECF No 37). Plaintiffs have already stated their intent not to adhere to the schedule that they proposed as they have stated they will seek additional time to take wholly unnecessary jurisdictional discovery of Mr. Simmons. Plaintiffs' request for jurisdictional discovery will likely be opposed by Mr. Simmons as unnecessary given the paucity of Plaintiffs' jurisdictional allegations tacking on more time. If discovery is allowed, Plaintiffs' request would further delay matters as discovery would be taken, in Cypress, where Mr. Simmons works and resides.  (ECF No. 45 n.2). That discovery would also need to wait until all travel restrictions are lifted.

Judicial efficiency and time, as well as the time and expense for legal costs, are of concern to the Defendants and expanding the briefing and time of this matter to consider the various New York claims, and foreign discovery is, we submit, without benefit, since the Plaintiffs cannot get passed the threshold matter should the Court determine it does have subject matter jurisdiction.

We respectfully ask the Court to dismiss the Amended Complaint in the most direct way; that is that the Court lacks subject matter jurisdiction over this controversy.

Respectfully Submitted,

*/s/ Fred T. Isquith Sr.*

Fred Taylor Isquith
**Isquith Law PLLC**
222 East 80 Street
New York, New York 10075
Counsel for Four Wood Defendants and Stephen Baffico